UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CLAYTON MILES,

     Plaintiff,

     v.

FRANK BISIGNANO, Commissioner of
Social Security,

     Defendant.

Case No.  2:25-cv-0550-DAD-JDP (SS)

FINDINGS AND RECOMMENDATIONS

Plaintiff challenges the final decision of the Commissioner ("Commissioner") of the Social Security Administration ("SSA") finding that he was not entitled to reinstatement of his Title II period of disability and disability insurance benefits.  He argues that, in rendering the adverse decision, the administrative law judge ("ALJ") used the incorrect musculoskeletal standard to assess his disability and failed to adequately develop the record.  Both parties have moved for summary judgment.  ECF Nos. 19 & 20.[1]  For the reasons discussed below, plaintiff's motion for summary judgment is granted, and the Commissioner's is denied.

---

[1] Plaintiff filed an initial motion, ECF No. 18, and then an amended one, ECF No. 19.  The amended one is considered in these findings and recommendations, and I will recommend that its predecessor be denied as moot.

1

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff was initially determined to be disabled in October 2005 based on his mood disorder. Administrative Record ("AR") 145. In April 2016, the SSA sent plaintiff a notice ending his Title II benefits as of March 2014 because it found that he had engaged in substantial

2

gainful activity. *Id.* at 115.  In August 2016, plaintiff filed a request for expedited reinstatement of his benefits. *Id.* at 224-27, 359-63.  The request was denied initially and on reconsideration. *Id.* at 116-18, 222-27.

Plaintiff then went before an ALJ and, on April 30, 2021, received an unfavorable decision. *Id.* at 122-34.  He sought review from the Appeals Council ("AC"), and, on August 10, 2022, the AC found that the ALJ had employed the incorrect rules for evaluating opinion evidence. *Id.* at 137.  It noted that the ALJ had used the current (operative as of March 27, 2017) rules when, because plaintiff's request was filed in August 2016, the prior rules should have applied. *Id.*  The AC also found that the ALJ's decision did not contain an adequate evaluation of whether plaintiff had experienced medical improvement. *Id.* at 138.  The matter was remanded to the ALJ with instructions to, if necessary, expand the record. *Id.*

After remand, the ALJ issued a new decision on April 3 2024, and once again found that plaintiff was not entitled to expedited reinstatement.

The ALJ made the following specific findings:

1. The claimant's previous entitlement to disability benefits was terminated due to substantial gainful activity.

   * * *

2. The claimant requested expedited reinstatement of his Title II period of disability, and disability insurance benefits within the consecutive 60-month period beginning with the month of entitlement termination.

   * * *

3. The claimant was "not able" to perform substantial gainful activity because of his or her medical condition.

   * * *

4. The claimant's impairments are the "same or related to" the impairments that were the basis for the previous disability entitlement.

   * * *

3

5.  At the time of the CPD [Comparison Point Decision], the claimant had the following medically determinable impairment: mood disorder, alcohol abuse disorder, marijuana use disorder, right ankle/foot sprain, left foot sprain, mild anterior spondylolysis of the lumbar spine, slight levoscoliosis of the cervical spine, and asthma.  The severity of the claimant's mood disorder was found to meet section 12.04.

\* \* \*

6.  The claimant engaged in substantial gainful activity during the following periods: 4th quarter of 2016, 1st quarter of 2017, 2nd quarter of 2019, 3rd quarter of 2022, 4th quarter of 2022, and 1st quarter of 2023.  However, there has not been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity.

\* \* \*

7.  During the relevant period, the claimant had the following medically determinable impairments: depressive disorder, adjustment disorder with mixed depression and anxiety, disc extrusion at L5-S1 of the lumbar spine status post laminectomy and excision in April 2017, osteoarthritis of the right knee, status post hernia repair in 2014 and asthma.  These are the claimant's current impairments.

\* \* \*

8.  During the relevant period, the claimant has not had an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

\* \* \*

9.  There is evidence of medical improvement.

\* \* \*

10.  The medical improvement is related to the ability to work because the claimant's CPD impairment(s) no longer met or medically equaled the same listing(s) that was met at the time of the CPD.

\* \* \*

11.  During the relevant adjudicatory period, the claimant had the following severe impairments: depressive disorder, adjustment

4

disorder with mixed depression and anxiety, disc extrusion of the lumbar spine status post laminectomy and excision in April 2017, osteoarthritis of the right knee and status post hernia repair.

* * *

12. During the relevant adjudicatory period, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can frequently climb ramps and stairs, balance and stoop.  He can occasionally climb ladders, ropes or scaffolds, kneel, crouch and crawl.  He must avoid concentrated exposure to hazards, defined as operational control of dangerous moving machinery and unprotected heights.  He is limited to simple, routine and repetitive tasks.

* * *

13. The claimant's capacity for performing past relevant work is expedited because there is insufficient information about the claimant's work experience to make a finding at this step of the sequential evaluation and, given the claimant's age, education and residual functional capacity, all potentially applicable Medical Vocational Guideline(s) direct a finding of "not disabled" regardless of the claimant's work experience.

* * *

14.  During the relevant adjudicatory period, the claimant was a younger individual age 18-49.

* * *

15.  The claimant has a high school level education.

* * *

16.  Transferability of job skills is not an issue because there is insufficient information about the claimant's work experience.

* * *

17.  Considering the claimant's age, education and residual functional capacity, the claimant has been able to perform a significant number of jobs in the national economy.

* * *

18.  The claimant is not entitled to expedited reinstatement of his Title II period of disability and disability insurance benefits.

5

AR 145-66 (citations to the code of regulations omitted).

**Analysis**

Plaintiff raises two separate arguments.  First, he argues that the ALJ erred by applying the current musculoskeletal standard listing rather than the one in place at the time of the comparison point decision.  Second, he argues that the ALJ erred in failing to properly develop the record as to plaintiff's current level of impairment.  The second argument is the more persuasive, and, finding that plaintiff is entitled to remand on that basis, I find it unnecessary to reach the first.

An ALJ is not qualified to render his own medical opinion or independently evaluate clinical determinations.  *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999).  And he has a duty to expand the record where the evidence is ambiguous or inadequate to permit a proper evaluation.  *See Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001).  Here, the ALJ impermissibly drew independent medical conclusions from the records without the benefit of any medical opinion.  For instance, the ALJ weighed 2023 MRI imaging of plaintiff's spine and independently concluded that the images were "mild" and "inconsistent with disabling lumbar symptoms."  AR at 159.  Such interpretation of "raw" medical data solely by an ALJ is impermissible.  *See Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, . . . , the ALJ was simply not qualified to interpret raw medical data in functional terms and no medical opinion supported the determination."); *Mack v. Saul*, No. 1:18-CV-01287-DAD-BAM, 2020 U.S. Dist. LEXIS 91667, at * 5-7 (E.D. Cal. May 26, 2020) (finding that ALJ erred in interpreting MRI data without a physician's review and then using that independent interpretation to formulate the RFC).  Indeed, there was ambiguity as to plaintiff's spinal improvement during the period ranging from 2022 to 2023.  The ALJ himself noted that plaintiff sometimes walked with a "steady and unassisted gait" and, at other times, required a cane to walk.  *Id.*  Plaintiff's hearing testimony disputed any improvement, noting that his pain was frequently severe and that his physician was considering a spinal fusion surgery.  *Id.* at 32-35.  After conducting his independent evaluation of the medical data, he proceeded to translate it into the RFC.  *Id.* at 159.  Courts have routinely held that doing so is error.  *See Holtan v. Kijakazi*, No. 2:22-cv-01222-VCF, 2023 U.S. Dist. LEXIS 39538, *6 (D. Nev. Mar. 9, 2023) ("A lay person is not qualified to interpret raw medical data to

6

determine a claimant's RFC unless the impairments are so mild that they pose no significant functional limitations.").

Based on the foregoing, I find that remand for additional proceedings is appropriate. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler v. Comm'r of Social Sec.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for summary judgment, ECF No. 18, be DENIED as moot and his amended motion, ECF No. 19, be GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 20, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     February 20, 2026                                    _____
                                                               JEREMY D. PETERSON
                                                               UNITED STATES MAGISTRATE JUDGE